| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------ X<br>POWER HOLDINGS AND MANAGEMENT CORP.,<br>d/b/a BROWN BROTHERS STORE, LINFORD A.<br>BROWN JR.,<br><br>                                        Plaintiffs,<br><br>      -against-<br><br>DAVID COTTRELL, WELLS FARGO BANK, JP<br>MORGAN CHASE BANK, NA,<br><br>                                  Defendants.<br>------------------------------------------------------------------------ X | For Online Publication Only<br><br><br><br>**MEMORANDUM &<br>ORDER**<br>14–CV–5431 (JMA)(AKT)<br><br><br>**FILED<br>CLERK**<br>9/30/2016 1:29 pm<br>**U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE** |

**AZRACK, United States District Judge:**

On September 2, 2014, plaintiffs Power Holdings and Management Corp. ("Power Holdings") and Linford Brown filed this action in New York state court against defendants David Cottrell, Wells Fargo Bank ("Wells Fargo"), and JP Morgan Chase Bank, NA ("Chase"), alleging claims for breach of contract and fraud against Cottrell and negligence claims against Wells Fargo and Chase. On September 16, 2014, defendants removed the action to federal court. Defendants Wells Fargo and Chase now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, defendants' motions to dismiss are granted.

## I. BACKGROUND

Defendant Cottrell maintained a checking account with Wells Fargo. Cottrell placed six orders with Power Holdings to purchase gold coins, worth a total of $21,440. Cottrell received the coins and made payment using a "Check by Phone" system. Check by Phone is a system with which an account holder can draw a check from his account over the phone. After Cottrell received the coins, he contacted his bank, Wells Fargo, and claimed that the six Check by Phone Transactions were unauthorized. (Compl. ¶¶ 39–40, ECF No. 1.) Wells Fargo then contacted

plaintiffs' bank, Chase. As a result, Chase debited plaintiffs' account $21,440. Plaintiffs allege that Chase debited plaintiffs' account for the six transactions with "little to no investigation into the claims." (Compl. ¶ 92.)

## II. DISCUSSION

### A. Standard on Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, plaintiff must allege sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." Iqbal, 556 U.S. at 678. In determining the plausibility of a complaint, a court may consider documents that are "integral" to a complaint as long as: (1) the record is clear that "no dispute exists regarding the authenticity or accuracy of the document"; and (2) it is "clear that there exist no material disputed issues of fact regarding the relevance of the document." Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

### B. Plaintiffs' Opposition to the Motion to Dismiss

Plaintiffs do not address any of defendants' arguments in its opposition memorandum. In fact, plaintiffs' opposition memorandum consists of an affidavit containing eight paragraphs. (See ECF No. 31, Affidavit of Linford Brown Jr. in Opposition to the Motion to Dismiss for Failure to

State a Claim, the "Affidavit.") The Affidavit merely reiterates the factual assertions from the complaint that (1) "Wells Fargo did no investigation as to whether David Cottrell ordered the shipments of coins and received them," and (2) "Chase made no investigation before it credited the Wells Fargo account causing Plaintiff's accounts at Chase to go negative." (Affidavit ¶ 5). The Affidavit does not cite to any cases or legal authority or substantively respond to any of the legal arguments put forth by defendants in their motions to dismiss.

The Court may deem a plaintiff's claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed. See Lipton v. Cty. of Orange, NY, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); see also Robinson v. Fischer, No. 09-CV-8882, 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) ("Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing such a claim."); Riley v. Town of Bethlehem, 44 F. Supp. 2d 451, 466 (N.D.N.Y. 1999) ("Plaintiff does not address any of these claims in her opposition papers, leading me to believe that she has abandoned them.").

The Court finds that plaintiffs have abandoned their claims. This alone warrants dismissal of the complaint. In any event, however, even if plaintiffs' claims are not abandoned, the Court agrees with defendants that the plaintiffs' claims must be dismissed for failure to state a claim.

## C. Defendants Owed No Duty to Plaintiffs

Defendants argue that they owed no duty of care to plaintiffs, and thus, plaintiffs' negligence claim must be dismissed.

In order to survive a motion to dismiss, a plaintiff asserting a claim for negligence must demonstrate the "existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." Becker v. Schwartz, 46 N.Y.2d 401, 410 (1978).

3

"The threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?" Hamilton v. Beretta U.S.A. Corp., 96 N.Y.2d 222, 232 (2001). An injured plaintiff "must show that the defendant owed not merely a general duty of care to society, but a specific duty that was owed to him or her, for '[w]ithout duty running directly to the injured person, there can be no liability in damages, however careless the conduct or foreseeable the harm." Id.

Banks do not owe a general or limitless duty of care to non-customer third-parties. See Stutts v. De Dietrich Grp., No. 03-CV-4058, 2006 WL 1867060, at *15 (E.D.N.Y. June 30, 2006); Tazaras v. Evergreen Int'l Spot Trading, Inc., 2003 WL 470611, at *6 (S.D.N.Y. Feb. 25, 2003) (holding that bank owed no duty in negligence action to a non-customer). Thus, it is a near "universal rule that banks do not owe a common law duty of care to third-party customers," such as plaintiffs in this case. Empire City Capital Corp. v. Citibank, N.A., No. 10-CV-2601, 2011 WL 4484453, at *8 (S.D.N.Y. Sept. 28, 2011); see also Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006) ( "As a general matter [in New York], '[b]anks do not owe non-customers a duty to protect them from the intentional torts of their customers.'" (quoting In re Terrorist Attacks on Sept. 11, 2001, 349 F. Supp. 2d 765, 830 (S.D.N.Y. 2005)). Moreover, a depositor cannot pursue a negligence claim against a bank when there is a contractual agreement that governs the parties' rights and obligations. Olmeca, S.A. v. Manufacturers Hanover Trust Co., 629 F. Supp. 214, 222 (S.D.N.Y. 1985)

Plaintiffs' negligence claim fails because defendants owed no duty of care to plaintiffs. First, plaintiffs did not have an account with Wells Fargo and had no other direct association with Wells Fargo. Thus, Wells Fargo had no duty of care to plaintiffs, who were non-customers. See Empire City Capital Corp., 2011 WL 4484453, at *8; Lerner, 459 F.3d at 286. Although plaintiff did maintain an account with Chase, the contractual relationship between plaintiffs and Chase, as

4

defined by the Deposit Account Agreement, did not set forth a duty for Chase to investigate prior to reversing the electronic deposits. (See Decker Affidavit, Ex. A, at 3–5.) Therefore, Wells Fargo and Chase did not fail to perform any act that it was under a duty to perform. Defendants' motion to dismiss is granted and the claims against Wells Fargo and Chase are dismissed with prejudice.

### III. CONCLUSION

For the reasons set forth above, defendants' motions to dismiss are granted. Plaintiffs' claims against Wells Fargo and Chase are dismissed with prejudice. The Clerk of the Court is directed to enter judgment as to Wells Fargo and Chase.

**SO ORDERED.**

Dated: September 30, 2016
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE